UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
OPELIKA DIVISION

| | |
|---|---|
| **ORVILLE LEE HAMILTON, III, et al.** } | |
| } | |
| **Plaintiffs,** } | |
| } | Case No.: 3:16-cv-00792-RDP |
| v. } | |
| } | |
| **STERLING BANK, a division of Synovus** } | |
| **Bank,** } | |
| } | |
| **Defendant.** } | |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiffs' Motion to Remand. (Doc. # 13). Defendant has responded to the Motion. (Doc. # 14). After careful consideration, the court concludes that the Motion (Doc. # 13) is due to be denied.

**I.      Background**

On April 28, 2014, prior to Plaintiffs' initiation of this action, Defendant Sterling filed a Complaint against Plaintiffs in the Circuit Court of Montgomery County, Alabama, seeking to collect on a secured line of credit that was in default. (Doc. # 1-1 at 3). On August 20, 2014, Defendant Sterling Bank filed a Notice of Dismissal pursuant to Rule 41(a)(1) of the Alabama Rules of Civil Procedure. (*Sterling Bank v. Hamilton*, Case No. 03-CV-2014-900734.00, Circuit Court of Montgomery County, Alabama, Doc. # 23). On November 14, 2014, Plaintiff O. Lee Hamilton filed a Notice of Bankruptcy in the state court case indicating that he had filed a Bankruptcy Petition in the United States Bankruptcy Court for the Middle District of Alabama. (*Sterling Bank v. Hamilton*, Case No. 03-CV-2014-900734.00, Circuit Court of Montgomery County, Alabama, Doc. # 25). On March 28, 2015, the case was dismissed without prejudice.

(*Sterling Bank v. Hamilton*, Case No. 03-CV-2014-900734.00, Circuit Court of Montgomery County, Alabama, Doc. # 27).

Over a year after the action to collect on the line of credit was voluntarily dismissed by Sterling, on August 28, 2016, Plaintiffs filed this action in the Circuit Court of Montgomery County, Alabama. In their Complaint, they seek to invalidate their debt and security instrument based on the issuance of a 1099-Cancellation of Debt form by Sterling to the IRS. (Doc. # 1-1). Their Complaint asserts the following claims: Count One – Declaratory Judgment and Action to Quiet Title; Count Two – Slander of Title; and Count Three – Unjust Enrichment. (Doc. # 1-1). On September, 29, 2016, Sterling removed this case to this court. (Doc. # 1). In their Removal, Defendants asserted that this court has jurisdiction based on diversity of citizenship. (*Id.*).

On October 26, 2016, Plaintiffs filed their Motion to Remand. (Doc. # 13). In their motion, Plaintiffs argue that Sterling waived its right to remove by taking a prior offensive action on the same note and security agreement when it filed the 2014 state court action. (*Id.*).

**II.     Discussion**

Plaintiffs do not dispute that there is complete diversity of citizenship between the parties. Nor do they assert that the amount in controversy requirement is not met. Rather, Plaintiffs' motion is based solely on its contention that Sterling waived its right to remove by filing its April 2014 collection action in state court.

In order to seek remand of an action originally filed in state court, a plaintiff must identify a defect in the defendant's removal. *See* 28 U.S.C. § 1447(c). "One such defect, commonly referred to as litigating on the merits, effectively waives the defendant's right to remove a state court action to the federal court." *Yusefzadeh v. Nelson, Mullins, Riley &*

*Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (citing 28 U.S.C. § 1447(c)). In *Yusefzadeh*, the Eleventh Circuit elaborated on this type of waiver:

> A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court.... [W]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court[.]

*Yusefzadeh,* 365 F.3d at 1246 (citation omitted); *see also Del Rio v. Scottsdale Ins. Co.,* 2005 WL 3093434, at *5 (M.D. Fla. 2005) ("A defendant is deemed to have waived its right to remove if, after the right to remove is apparent, it takes 'clear and unequivocal actions' in state court that manifest its intent to have the matter adjudicated there." (citation omitted)). "Whether the state court defendant had waived his right to remove based on 'active participation must be made on a case-by-case basis.'" *Yusefzadeh*, 365 F.3d at 1246 (citing *Hill v. State Farm Mutual Auto. Ins. Co.*, 72 F.Supp.2d 1353, 1354 (M.D. Fla. 1999). "A defendant's intent to waive its right to remove must be clear and unequivocal … ." *Johnston v. Tampa Sports Auth*., 410 F. Supp. 2d 1143, 1145 (M.D. Fla. 2005) (citing *Miami Herald Publ'g Co. v. Ferre*, 606 F.Supp. 122, 124 (S.D. Fla. 1984); *Bedell v. H.R.C. Ltd*., 522 F.Supp. 732, 738 (E.D. Ky. 1981)). "As a general rule, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Tillis v. Cameron*, 2007 WL 2806770, at *3 (M.D. Ala. 2007) (quoting *Fain v. Biltmore Sec., Inc*., 166 F.R.D. 39, 40 (M.D. Ala. 1996) (in turn quoting *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir.1989))) (internal quotation marks omitted).

Here, Plaintiffs attempt to conflate two separate civil actions. Section 1441 of Title 28 of the United States Code states: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

3

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  There is no doubt that Sterling's prior civil action against the Hamiltons was a separate and distinct civil action from the one presently before the court.  This action was initiated by the Hamiltons against Sterling.  Not only are they (quite literally) two separate actions, but the claims asserted in the two cases are separate and distinct.  Therefore, Section 1441(a) permits Sterling to remove this new case.

Plaintiffs have cited to no authority to support the proposition that the prior filing of an action in state court related to the same basic controversy, but involving different claims, constitutes a "clear and unequivocal" waiver of the right to remove a subsequent, separate action.  Nor has the court found any such authority.  But there is authority for the proposition that a "defendant's earlier filing of [a] state court [] action does not constitute a 'clear and unequivocal' waiver of its right to remove [a later, separate] action to [federal court]."  *Corbitt v. Fed. Nat'l Mortg. Ass'n*, 2015 WL 4720555, at *3 (S.D. Ohio 2015), *report and recommendation adopted*, 2015 WL 6942497 (S.D. Ohio 2015).  Moreover, courts addressing somewhat similar issues have required that the previous action taken in the state court (which is claimed to constitute a waiver) "must be taken in the same proceeding."  *Clementson v. USB Real Estate Sec., Inc.*, 2015 WL 5579438, at *1 (D. Colo. Sept. 23, 2015) (citing *Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449 (S.D. Tex. 2000) (a defendant's conduct in a prior lawsuit has no bearing on the removability of a later suit even where the claims are the same)); *see also Power Mktg. Direct, Inc. v. Clark*, 2006 WL 1064058 (S.D. Ohio 2006) (the filing of an earlier action in state court does not constitute a waiver of the right to remove).  The court recognizes that none of these

4

decisions are binding on this court, but the court finds their analysis well-reasoned and persuasive.

Finally, it is doubtful that Sterling's actions in the prior state court case constitute "substantial" activity, given the fact that "[t]he effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) [] is to render the proceedings a nullity and leave the parties as if the action had never been brought." *Smith v. Dowden*, 47 F.3d 940, 942–43 (8th Cir.1995) (quotation and citations omitted). A nullity is not "substantial" activity sufficient to clearly and unequivocally establish an intent to waive the right to remove.

### III.   Conclusion

For the reasons discussed above, Plaintiffs' Motion to Remand is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this November 29, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE